No. 45,606

Batchelor's Building Maintenance Service, Inc., and Gerald W. Batchelor, Individually, *Appellants*, v. Douglas Avenue Corporation, Inc., and Harry R. Pollak, Individually, *Appellees*.

(468 P. 2d 189)

Opinion filed April 11, 1970.

*James P. Johnston*, of the firm of Sowers, Sowers, Carson & Johnston, of Wichita, argued the cause and was on the brief for the appellants.

*John W. Brimer*, of Wichita, argued the cause, and *William P. Higgins*, of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: This is an action for damages for alleged breach of a written contract.

Plaintiffs (hereafter referred to in the singular) have appealed from an adverse judgment.

Plaintiff, the Batchelor's Building Maintenance Service, Inc. (plaintiff Gerald W. Batchelor being the primary owner and operator), is a firm engaged in rendering professional janitorial services for office buildings in Wichita.

Defendant, the Douglas Avenue Corporation, Inc. (defendant Harry R. Pollack being the president and primary owner thereof), was the owner of the Union National Building in Wichita.

On January 28, 1966, the parties entered into a written contract whereby plaintiff was to perform janitorial services at the Union National Building for a stated fee—the amount of which is not here in dispute. And neither are we concerned with the quality of the work performed under the contract.

Only four paragraphs of the contract are material to this case, and they read:

"It is further mutually agreed that the effective date of this contract will be from 6 p. m., January 30, 1966, through 6 a. m. midnight December 31, 1966.

"It is further agreed that party of the second part warrant, promises, and guarantees to the party of the first part that should building be sold that party of the first part will be assured of the present existing contract for no less than one year with the new owners at the rate stipulated in this contract.

"It is further mutually agreed that this contract shall be automatically continued and renewed for each succeeding year if written notice of cancellation is not conveyed to party of the first part, by service of same upon Gerald W. Batchelor in person, and to party of the second part in person, thirty (30) days in advance of the 12 o'clock midnight on October 31, 1966.

"It is mutually agreed that this contract may be cancelled by thirty (30) day written notice, conveyed as provided herein by either party."

The parties to the contract operated under it until January 3, 1968, on which date defendant Douglas transferred title to the building to the Metropolitan Life Insurance Company by warranty deed—such deed being in lieu of foreclosure. As of that date Metropolitan took over the property and placed Charles N. Black in charge as building manager.

On January 15, 1968, Mr. Black wrote to plaintiff as follows:

"January 15, 1968
"Batchelor's Building Maintenance Serv.
P. O. Box 1539
Wichita, Kansas 67201
Dear Mr. Batchelor:

Enclosed find our check No. 1 in the amount of $1303.91 as per your statement.

On further study into the matter on your contract, I have come to the conclusion that we will continue on with our own system all together. Accordingly, this letter will give you 30 days notice of our intention to discontinue your services as of February 15, 1968. In the meantime, I will appreciate your best efforts and any way I can cooperate with you please feel free to call on me.

Charles N. Black"

On August 21, 1968, plaintiff brought this action against defendants Douglas and Pollak—they being parties of the second part in the written contract of January 28, 1966. As material here, the petition alleged:

"Plaintiffs state that said Contract provided that defendants would guarantee and assure plaintiffs that if the Union National Building should be sold during the term of said Contract that defendants would guarantee that plaintiffs would have the present existing Contract for no less than one year with the new

owners at the same rate as provided in said Contract. Plaintiffs allege that defendants, jointly and severally, breached said contractual provision without just cause or excuse.

"Plaintiffs allege that defendants' breach has damaged plaintiffs, jointly or severally, in the amount of $28,356.00 and plaintiffs pray for judgment against defendants, jointly or severally, in said amount, plus court costs."

On November 6, 1968, defendants filed a motion for summary judgment on the ground the petition did not state facts sufficient to constitute a cause of action against them. Attached to the motion were a copy of the contract in question, an affidavit of Mr. Black, and an affidavit of Ivan P. Salyer who was the authorized agent of Metropolitan and who had handled the transaction whereby title to the building had been transferred by Douglas to Metropolitan.

Black's affidavit, as material here, stated:

"3. That as manager of said building I was aware of a maintenance contract between Batchelor's Building Maintenance Service, Inc., and Douglas Avenue Corporation, Inc., which was in existence and did allow Batchelor's Building Maintenance Service, Inc., to continue in the maintenance of the building up to January 15, 1968, at which time I did, in my capacity as manager and with full authority from the owner of the building, write a notice of cancellation of said contract in conformity with the 30 day cancellation provision in said contract, a copy of said letter being hereto attached."

Salyer's affidavit was a recital of the facts surrounding the issuance of the deed to the property from Douglas to Metropolitan.

On November 13, 1968, plaintiff filed an objection to the affidavit of Black on the ground it neither proved nor disproved any issue in the case. Plaintiff also filed a counter-affidavit of Gerald W. Batchelor, who, as stated, was the primary owner and operator of plaintiff company. His affidavit stated that prior to the execution of the written contract of January 28, 1966, he and defendant Pollak had several discussions as to its terms, and continued—

"The fixed fee for said services as reflected in the contract of January 28, 1966, was arrived at only because Mr. Pollak guaranteed that I would be retained for such services for a period of three years if my services were satisfactory. The projected costs on the cleaning and maintenance of the building indicated that I could not accept the contract fee as reflected in said contract unless my costs for initial cleaning, elevator service and required maintenance could be spread over a three-year period. The cost projection showed that I would lose money the first year, break even the second year and make my profit on the third year. It was only with the understanding that I would have that third year that I signed the contract.

"I further state that Mr. Pollak, during the preliminary discussions, informed me that he might sell the building prior to the expiration of the contemplated

three-year period and, thus, is why I insisted upon the provision for a one-year contract with a new owner."

On November 15, 1968, defendants' motion for summary judgment came on for hearing—all parties being present by counsel. The journal entry of judgment reads:

"THEREUPON, after listening to statements of counsel, reviewing the court file and considering the plaintiff's brief, the court FINDS:

(1) That the deed in lieu of foreclosure given by defendant to Metropolitan Life Insurance Company on January 3, 1968, was a 'sale.'

(2) That the contract which is the subject of this action was cancelled by written notice to plaintiff by Charles N. Black, Building Manager for Metropolitan Life Insurance Company said notice given on January 15, 1968.

(3) That Harry B. Pollak is not a proper party in the action and was not an individual liable under the terms of the contract, which is the subject of this action.

(4) That the defendant's motion should be sustained as to both defendants."

Plaintiff has appealed. Its statement of points is that (1) the court erred in finding that the contract was cancelled by the written notice by Black on January 15, 1968; (2) the court erred in sustaining the motion for summary judgment as to defendant Douglas, and (3) the court erred in sustaining the motion for summary judgment as to Pollak, individually.

With respect to the third point concerning Pollak—the appeal has been abandoned—and so the only question presented is whether the contract was effectively cancelled by the written notice of January 15, 1968.

In passing, it should be noted that plaintiff does not contend there is any genuine issue as to any material fact remaining (K. S. A. 60-256), and neither is it contended that the deed in lieu of foreclosure was not a "sale" within the meaning of the contract.

We have difficulty in following plaintiff's argument. In its brief it is stated:

"It seems to be unquestioned that Mr. Black could have ousted the appellants from performance of their duties in the Union National Building immediately upon the signing of the deed by defendant Douglas Avenue Corporation, Inc. What Mr. Black did was simply adopt the existing contract between the parties to this lawsuit until such time as he was ready to cancel same, which he then did by written notice dated January 15, 1968. (R-8) However, it is significant to note that the record *does not show any written cancellation signed by Douglas Avenue Corporation, or by Harry Pollak, individually.*"

We agree—but the concession supports the judgment rendered

rather than plaintiff's position. Plaintiff also argues that the contract was to run for at least three years—but no where in that instrument is any such provision. The first paragraph quoted above, states the effective date to be from January 30, 1966 through "6 a. m. midnight" December 31, 1966. The next provision has to do with the rights of plantiff in the event of sale of the building. The third paragraph then provides the contract is to be automatically continued and renewed for each succeeding year if written notice of cancellation is not given to either party 30 days in advance of midnight, October 31, 1966. Then follows the provision relied on by defendants—and apparently the trial court—which clearly states that it is mutually agreed the contract may be cancelled by 30 days written notice, "conveyed as provided herein by either party".

The provisions in question most certainly are not recommended as a model of clarity—in fact, they appear uncertain, inconsistent and ambiguous. But, as stated, plaintiff makes no contention there are unresolved facts, and, other than the counter-affidavit of Batchelor—offered no evidence in an attempt to clear up the matter.

In our opinion a reasonable and logical interpretation of the contract is that defendants' grantee—Metropolitan—stepped into the shoes of defendants as of January 3, 1968—the date of the sale of the property. At that time—and prior thereto—defendants could have cancelled the contract upon giving the required notice—thus cutting off plaintiff's right to a three-year term—as it now contends for. When Metropolitan (and who is not a party to this action) took over it assumed the rights and liabilities under the contract. The last quoted paragraph of the contract clearly provided for cancellation by either party by the giving of 30 days written notice. The letter of Black dated January 15, 1968, gave such notice. No sound reason is advanced and no authority is cited why the trial court did not properly decide this case.

The judgment is affirmed.